**E-filed 6/13/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT DAVIS, | ) | No. C 04-1534 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| | ) | CERTIFICATE OF |
| vs. | ) | APPEALABILITY |
| | ) | |
| THOMAS L. CAREY, Warder of California State Prison, Solano, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 20, 2007, the Court denied the instant petition on the merits and entered judgment in favor of Respondent. On May 17, 2007, Petitioner filed a notice of appeal. The Court construes Petitioner's notice of appeal as a request for a certificate of appealability. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). The Court will DENY the request for a certificate of appealability.

**DISCUSSION**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of

probable cause to appeal).  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  Id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). See Slack, 120 S. Ct. at 1603. In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The Court denied the instant habeas petition after careful consideration of the merits. The Court found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings. Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this Court was correct in its ruling. Accordingly, Petitioner's request for a certificate of appealability is DENIED. The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals. Petitioner may then ask

Order Denying Certificate of Appealability

2

1 | the Court of Appeals to issue the certificate.  <u>See</u> Fed. R. App. P. 22(b).

2 |     IT IS SO ORDERED.

3 | DATED: ___6/13/07_____

                            JEREMY FOGEL
                            United States District Judge

Order Denying Certificate of Appealability

1 | A copy of this ruling was mailed to the following:

2

3 | **Dennis P. Riordan**
Riordan & Horgan
4 | 523 Octavia Street
San Francisco, CA 94102

5

6

7

8

9 | California State Attorney General's Office
455 Golden Gate Avenue
10 | Suite 11000
San Francisco, CA  94102-7004

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Certificate of Appealability